UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM MCCRACKEN and JANIS MCCRACKEN,

      Plaintiffs,

v.                                       Case No.:   2:20-cv-402-FtM-38MRM

CERTAIN UNDERWRITERS AT
LLOYDS OF LONDON,
SUBSCRIBING TO POLICY NO.:
BW0162517,

      Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiffs William and Janis McCracken's Motion to Remand (Doc. 5) and Defendant's response (Doc. 8).

This is an insurance dispute. In 2017, Hurricane Irma damaged property owned by Plaintiffs and insured by Defendants. Plaintiffs submitted a claim to Defendants, but Defendants have not paid for repairs. So on March 2, 2020, Plaintiffs sued Defendants in Florida state court for breach of the insurance contract. The Complaint does not plead the amount of Plaintiffs' claim, except that it exceeds the state court's jurisdictional amount of $30,000. On May 25, 2020, Plaintiffs sent Defendants a $240,000 settlement demand. Defendants removed the case to this Court on June 4, 2020, asserting diversity

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

jurisdiction under 28 U.S.C § 1332(a). Plaintiffs do not contest diversity jurisdiction, but they argue the case should be remanded because removal was untimely.

Ordinarily, a defendant has thirty days after receipt of a complaint to remove a state action to federal court. 28 U.S.C. § 1446(b)(1). But when federal jurisdiction is not apparent from the complaint, a defendant may remove a case within thirty days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

While Plaintiffs acknowledge Defendants may use the settlement demand to remove the case, they argue the removal clock started running when Defendants received the complaint because Defendants were already on notice the claim exceeded $75,000. Plaintiffs reason that since the insurance policy's deductible is $102,000, they must be seeking at least that amount. But they are wrong for two reasons. First, the deductible does not count towards the jurisdictional amount because it is not "in controversy." *See Alexion v. Fed. Ins. Co.*, 6:18-cv-2112-Orl-22GJK, 2019 WL 5294937, at *5 (M.D. Fla. Mar. 7, 2019) (gathering cases in which courts calculated the amount in controversy by subtracting a deductible from a repair estimate). Second, pre-litigation knowledge does not trigger the 30-day removal period. *McManus v. Nat. Fire & Marine Ins. Co.*, 380 F. Supp. 3d 1260, 1262-63 (M.D. Fla. 2019). While an "other paper" can trigger the § 1446(b)(3) deadline, the defendant must receive the "other paper" after it receives the complaint. *Id.* at 1263.

The 30-day removal period began here when Defendants received Plaintiffs' $240,000 settlement offer. Defendants removed the case ten days later. Thus, removal was timely.

Accordingly, it is now

**ORDERED:**

Plaintiffs William and Janis McCracken's Motion to Remand (Doc. 5) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of June, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record